UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSHUA HENDRIX                                                                                                    PLAINTIFF

v.                                  Civil No. 4:14-cv-04158-SOH-BAB

ROGER WISE, ET. AL.                                                                                              DEFENDANTS

**ORDER**

Plaintiff, Joshua Hendrix, submitted this *pro se* action for filing on December 1, 2014. ECF No. 1. Currently before the Court is Defendant Wise's Motion to Dismiss. ECF No. 11.

I. Background

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Sebastian County Detention Center and Southwest Arkansas Community Correction Center. (ECF No. 1). Plaintiff filed this Complaint on December 1, 2014. (ECF No. 1). Plaintiff alleges his constitutional rights were violated when Defendants were deliberately indifferent to his pre-existing medical condition. (ECF 1, p. 4-5). Plaintiff brought this action against Defendant Roger Wise and Nurse Cindy in both their official and individual capacities. (ECF. No. 1 p.4). It appears that Nurse Cindy was not served. However, as discussed below, it will not be necessary to do so. Defendant Wise filed this Motion to Dismiss on April 7, 2015. (ECF No. 11). Plaintiff has not responded in any fashion to the Motion to Dismiss.

II. Legal Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

1

8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

III.  Discussion

Merely listing a Defendant in a case caption is insufficient to support a claim against the Defendant. *Krych v. Hass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)). Even in an official capacity suit under section 1983, "a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Sexton v. Wayne*, 4:13-cv-3171, 2014 WL 1767472, at *1 (D. Neb. May 2, 2014) (quoting *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989).

Plaintiff's claim must be dismissed because he did not allege any claims against either Defendant Wise or Defendant Nurse Cindy. Instead, he merely listed them as Defendants in the caption of the case.

IV. Conclusion

Accordingly, Defendant Wise's Motion to Dismiss Plaintiff's Complaint (ECF No. 11) is **GRANTED**. Plaintiff's Complaint against all Defendants is **DISMISSED** without prejudice.

**IT IS SO ORDERED** this 21st day of January 2016.

/s/  Susan O. Hickey
Susan O. Hickey
United States District Judge